United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAJIMAN HAFIZ, | No. C 09-02300 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S REQUEST FOR DISMISSAL AND DENYING AS MOOT DEFENDANT'S MOTION FOR A STAY** |
| v. | |
| INDYMAC FEDERAL BANK, ET AL., | |
| Defendants. | |

On July 13, 2009, defendant Federal Deposit Insurance Corporation ("FDIC"), Receiver for IndyMac Federal Bank ("IndyMac"), moved for an order to be issued pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii) & (B), staying this action for 90 days. [Docket No. 5]. Plaintiff did not oppose the motion. The motion is scheduled for hearing on September 18, 2009. On July 17, 2009, however, plaintiff filed an amended complaint in which neither IndyMac nor FDIC was named as a defendant. [Docket. No. 6]. FDIC subsequently moved for an order dismissing it from this action. [Docket No. 12].

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing set for September 18, 2009. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS FDIC's request for dismissal from this action and DENIES as moot FDIC's earlier motion for a stay.

**BACKGROUND**

This action arises out of the funding and servicing of a refinancing loan by the defendant banks, including IndyMac. The loan, in the amount of $999,500, was secured by a Deed of Trust on plaintiff's home, executed on or about July 20, 2006. *See* Complaint ¶ 2, Exh. A to Notice of Removal [Docket

No. 1]. Plaintiff could not keep up with her monthly payments and defaulted on the loan. She was sent a notice of default informing her that she faced foreclosure. *Id.* ¶ 22. Plaintiff alleged in her complaint that she attempted to request a loan modification, but defendants were "uncooperative." *Id.* ¶ 37. On April 30, 2009, plaintiff brought suit, alleging sixteen causes of action against the banks, IndyMac, Quality Loan Service Corporation, The Mortgage Store Financial, Inc., and Does 1-30. The substance of plaintiff's allegation was that defendants engaged in predatory lending practices, including failing to make disclosures required by state and federal law and conspiring not to properly investigate plaintiff's ability to repay the loan in order to earn kickbacks from a third party once the loan was approved. *Id.* ¶¶ 14-56.

FDIC's involvement in the case arose through its prior appointment as Conservator and then Receiver for IndyMac. First, on July 11, 2008, the Office of Thrift Supervision ("OTS"), an agency of the Treasury Department that regulates savings banks, appointed FDIC Conservator for IndyMac after it determined that IndyMac was undercapitalized and unable to meet its depositors' withdrawal demands. *See* 7/11/08 OTS Order, Exh. B to Notice of Removal [Docket No. 1]. On March 19, 2009, OTS appointed FDIC as Receiver of IndyMac, replacing its prior appointment as Conservator. *See* 3/19/09 OTS Order, Exh. C to Notice of Removal [Docket No. 1]. As Conservator and then Receiver for IndyMac, FDIC succeeded to "all rights, titles, powers, and privileges" of IndyMac, pursuant to 12 U.S.C. § 1821(d)(2)(A)(I). Accordingly, FDIC moved to substitute as the successor in interest for IndyMac in the present action, and the state court granted its request. FDIC subsequently removed the matter to this Court. *See* Notice of Removal § 5 [Docket No. 1].

**DISCUSSION**

On July 17, 2009, plaintiff filed a First Amended Complaint ("FAC"), which contains three causes of action. The FAC does not name either IndyMac or FDIC as a defendant.

In the Ninth Circuit, an amended complaint supersedes the original complaint, such that any allegations not restated in the amended complaint are deemed waived. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (the effect of an amended complaint is to supersede the original and render it "non-existent"); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (" All causes of action

alleged in an original complaint which are not alleged in an amended complaint are waived."). Following from this rule, the Ninth Circuit has held that where the plaintiff does not rename a particular defendant in an amended complaint, no judgment may issue against that defendant. *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542 (9th Cir. 1990). "The fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original." *Id.* at 1546; *accord Rasidescu v. Midland Credit Management, Inc.*, 435 F. Supp. 2d 1090, 1001 (S.D. Cal. 2006)("An amended complaint that drops a defendant named in the original complaint effectively dismisses that defendant from the action.") (citing *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981).

Plaintiff's FAC neither names IndyMac or FDIC as a defendant in its caption, nor contains any substantive allegations against IndyMac or FDIC. Accordingly, FDIC's request for an order dismissing FDIC from this action is hereby GRANTED. [Docket No. 12].

**IT IS SO ORDERED.**

Dated: September 14, 2009

SUSAN ILLSTON
United States District Judge